# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
DAVID J. HARDESTY § Case No. 12-00992
ERIN M. HARDESTY §
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                              $

      Funds were disbursed in the following amounts:

      Payments made under an interim disbursement
      Administrative expenses
      Bank service fees
      Other payments to creditors
      Non-estate funds paid to 3rd Parties
      Exemptions paid to the debtor
      Other payments to the debtor

      Leaving a balance on hand of[1]                      $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Joji Takada, Chapter 7 Trustee_____
                                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-00992 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|---|---|
| Case Name: | DAVID J. HARDESTY | | | | Date Filed (f) or Converted (c): | 01/12/2012 (f) |
| | ERIN M. HARDESTY | | | | 341(a) Meeting Date: | 02/01/2012 |
| For Period Ending: | 08/15/2013 | | | | Claims Bar Date: | 06/25/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single Family Home 34 Countryview Drive Yorkville, Il 60560 | 300,833.00 | 0.00 | | 0.00 | FA |
| 2. Single Family Home 1907 Spode Ave. Henderson, Nv 89014 David | 72,600.00 | 0.00 | | 240,000.00 | FA |
| 3. Timeshare Embassy Vacation Resort Kaanapali Beach Evm4026 | 0.00 | 0.00 | | 0.00 | FA |
| 4. Checking Account Chase Bank (Buisiness) | 400.00 | 0.00 | | 0.00 | FA |
| 5. Checking Account State Bank (Personal) | 600.00 | 0.00 | | 0.00 | FA |
| 6. Checking Account First Midwest Held In Business Name Value C | 165.00 | 0.00 | | 0.00 | FA |
| 7. T.V., & Furniture | 1,000.00 | 0.00 | | 0.00 | FA |
| 8. Normal Apparel | 800.00 | 0.00 | | 0.00 | FA |
| 9. Wedding Ring | 1,000.00 | 0.00 | | 0.00 | FA |
| 10. Life Insurance Policies Term (2) Death Benefit Only | 0.00 | 0.00 | | 0.00 | FA |
| 11. Whole Life Insurance Policies (1) | 2,600.00 | 0.00 | | 0.00 | FA |
| 12. Erisa Qualified I.R.A. | 39,288.00 | 0.00 | | 0.00 | FA |
| 13. Erisa Qualified 401(K) | 95,913.00 | 0.00 | | 0.00 | FA |
| 14. Dry County Enterprises Earthmoving And Excavation Business D | 31,000.00 | 0.00 | | 14,000.00 | FA |
| 15. Pro-Commercial Development, Llc Co-Owned With Jeff Shilkaiti | 0.00 | 0.00 | | 0.00 | FA |
| 16. Illinois State Income Tax Refund 2010 | 738.00 | 0.00 | | 0.00 | FA |
| 17. 1996 Pontiac Firebird | 1,775.00 | 0.00 | | 0.00 | FA |
| 18. 1986 Ford E350 Van | 1,925.00 | 0.00 | | 0.00 | FA |
| 19. 2001 Monterey 32' Boat Bank Of America | 32,000.00 | 0.00 | | 0.00 | FA |
| 20. 2011 Tax refund | 7,044.00 | 7,044.00 | | 7,044.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)         $589,681.00         $7,044.00         $261,044.00         $0.00

(Total Dollar Amount in Column 6)

___

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

121212--Henderson NV home liquidated and sale proceeds received; Debtor purchased estate's interest in privately held company and sale proceeds received; Tax returns filed and awaiting audit clearance.

| RE PROP # | 5 | -- | Inconsequential value/benefit to estate |
| RE PROP # | 6 | -- | Inconsequential value/benefit to estate |
| RE PROP # | 20 | -- | Nonexempt portion of 2011 tax refund |

Initial Projected Date of Final Report (TFR): 01/12/2014     Current Projected Date of Final Report (TFR): 01/12/2014

UST Form 101-7-TFR (5/1/2011) (Page: 3)

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 12-00992 | Trustee Name: | Joji Takada, Chapter 7 Trustee |
| Case Name: DAVID J. HARDESTY | Bank Name: | Congressional Bank |
| ERIN M. HARDESTY | Account Number/CD#: | XXXXXX6971 |
| | | Checking Account |
| Taxpayer ID No: XX-XXX9640 | Blanket Bond (per case limit): | |
| For Period Ending: 08/15/2013 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/11/12 | 20 | Erin and David Hardesty | Non-exempt funds Nonexempt 2011 tax refund | | 1129-000 | $7,044.00 | | $7,044.00 |
| 05/11/12 | | Nevada Title Company 2500 North Buffalo Drive Suite 150 Las Vegas, Nevada 89128 | Proceeds from sale Sale of 1/3 interest in residential property (Henderson, Nevada) | | | $14,668.24 | | $21,712.24 |
| | | | Gross Receipts | $240,000.00 | | | | |
| | | Bank of America Home Loans | | ($173,633.28) | 4110-000 | | | |
| | | All Vegas Valley Realty PO Box 51374 Las Vegas, NV 89180 | | ($14,400.00) | 3510-000 | | | |
| | | Closing Costs (exam, recording and title fees; reimbursement charge) | | ($4,786.49) | 2500-000 | | | |
| | | Payment to Co-Owner | | ($28,704.50) | 4110-000 | | | |
| | | Negotiated Closing Credit | | ($3,807.49) | 2500-000 | | | |
| | 2 | | Single Family Home 1907 Spode Ave. Henderson, Nv 89014 David | $240,000.00 | 1110-000 | | | |
| 05/11/12 | 2 | Nevada Title Company 2500 North Buffalo Drive Suite 150 Las Vegas, Nevada 89128 | Proceeds from sale Sale of residential property in Henderson, Nevada | | 1110-000 | $4,800.00 | | $26,512.24 |
| 05/29/12 | 1001 | INTERNATIONAL SURETIES 701 Poydras St Suite 420 New Orleans, LA 70139 | Blanket Bond Premium | | 2300-000 | | $3.97 | $26,508.27 |
| 05/31/12 | 1002 (2) | All Vegas Valley Realty PO Box 51374 Las Vegas, NV 89180 | Broker commission payment | | 1110-000 | ($4,800.00) | | $21,708.27 |
| 06/04/12 | 14 | Dave and Erin Hardesty | Proceeds from sale Sale to stock to debtors | | 1129-000 | $14,000.00 | | $35,708.27 |
| 01/21/13 | 1003 | Illinois Department of Revenue PO Box 19053 Springfield, Illinois 62794-9053 | Bankruptcy Estate Tax Payment | | 2820-000 | | $225.00 | $35,483.27 |
| 02/12/13 | | Transfer to Acct # xxxxxx8832 | Transfer of Funds | | 9999-000 | | $35,483.27 | $0.00 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $35,712.24 | $35,712.24 |
| Less: Bank Transfers/CD's | $0.00 | $35,483.27 |
| Subtotal | $35,712.24 | $228.97 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $35,712.24 | $228.97 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

| | | |
|---|---:|---:|
| Page Subtotals: | $35,712.24 | $35,712.24 |

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 12-00992 | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|
| Case Name: | DAVID J. HARDESTY | Bank Name: | The Bank of New York Mellon |
|  | ERIN M. HARDESTY | Account Number/CD#: | XXXXXX8832 |
|  |  |  | Checking |
| Taxpayer ID No: | XX-XXX9640 | Blanket Bond (per case limit): |  |
| For Period Ending: | 08/15/2013 | Separate Bond (if applicable): |  |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/12/13 |  | Transfer from Acct # xxxxxx6971 | Transfer of Funds | 9999-000 | $35,483.27 |  | $35,483.27 |
| 03/07/13 |  | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 |  | $28.92 | $35,454.35 |
| 03/27/13 | 100001 | Callero and Callero LLP 7800 North Milwaukee Avenue Niles, Illinois 60714 Attn: Ryan Matsui | Administrative Expense | 3410-000 |  | $1,453.00 | $34,001.35 |
| 03/27/13 | 100002 | Callero and Callero LLP 7800 North Milwaukee Avenue Niles, Illinois 60714 Attn: Ryan Matsui | Administrative Expense | 3420-000 |  | $3.41 | $33,997.94 |
| 03/27/13 | 100003 | INTERNATIONAL SURETIES 701 Poydras St Suite 420 New Orleans, LA 70139 | 2013 Blanket bond disbursement | 2300-000 |  | $47.80 | $33,950.14 |
| 04/05/13 |  | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 |  | $52.70 | $33,897.44 |
| 04/11/13 |  | The Bank of New York Mellon 500 Ross Street Suite 154-0510 Pittsburgh, PA 15262 | Bank and Technology Services Fee Adjustment | 2690-000 |  | ($52.70) | $33,950.14 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $35,483.27 | $1,533.13 |
| Less: Bank Transfers/CD's | $35,483.27 | $0.00 |
| Subtotal | $0.00 | $1,533.13 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $1,533.13 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

| Page Subtotals: | $35,483.27 | $1,533.13 |
|---|---|---|

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX6971 - Checking Account | $35,712.24 | $228.97 | $0.00 |
| XXXXXX8832 - Checking | $0.00 | $1,533.13 | $33,950.14 |
|  | $35,712.24 | $1,762.10 | $33,950.14 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $225,331.76 |
| Total Net Deposits: | $35,712.24 |
| Total Gross Receipts: | $261,044.00 |

Page Subtotals:                       $0.00        $0.00

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-00992
Case Name: DAVID J. HARDESTY
              ERIN M. HARDESTY
Trustee Name: Joji Takada, Chapter 7 Trustee

    Balance on hand                                                     $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| | Bank of America Home Loans | $ | $ | $ | $ |

    Total to be paid to secured creditors                   $_____

    Remaining Balance                                             $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |
| Attorney for Trustee Fees: Frank Gecker LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Frank Gecker LLP | $ | $ | $ |
| Accountant for Trustee Fees: Callero and Callero LLP | $ | $ | $ |
| Accountant for Trustee Expenses: Callero and Callero LLP | $ | $ | $ |
| Other: All Vegas Valley Realty | $ | $ | $ |
| Other: Illinois Department of Revenue | $ | $ | $ |

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Other: INTERNATIONAL SURETIES | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | PRA Receivables as agent for Portfolio Recovery Associates L | $ | $ | $ |
| 2 | Bank Financial | $ | $ | $ |
| 3 | CAPITAL ONE BANK (USA), N. A. | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 4 | Wheaton Bank Trust Co | $ | $ | $ |

   Total to be paid to timely general unsecured creditors  $_____

   Remaining Balance  $_____

   Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent.

   Tardily filed general (unsecured) claims are as follows:

NONE

   Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 9)*